Submitted on record and briefs March 4, reversed and remanded for reconsideration April 22, 1998

## HERBERT R. EINSTEIN,
*Petitioner,*

*v.*

## PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

(96-1429; CA A96647)

958 P2d 843

Harris S. Matarazzo filed the brief for petitioner.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Katherine H. Waldo, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner seeks judicial review of an order of the Psychiatric Security Review Board (PSRB). ORS 183.482(8). He has requested to be discharged from conditional release on the ground that he is no longer affected by mental disease or defect. ORS 161.336(7)(a). The PSRB denied petitioner's request and continued his conditional release status. We reverse and remand.

On May 17, 1996, petitioner was found guilty except for insanity of arson in the first degree. The underlying crime occurred in September 1995, when petitioner, who was fearful that others were in his residence and intended to hurt him, started a fire. He was sentenced to the jurisdiction of the PSRB for a period not to exceed 20 years. On November 22, 1996, petitioner requested a hearing to determine if he should be discharged from conditional release status.

The hearing was held on January 13, 1997. At the hearing, Dr. Lee Squire, petitioner's treating psychologist and conditional release supervisor, testified about petitioner's current mental state. She stated that, in her opinion, petitioner was not suffering from a mental disease or defect at that time. She explained that she had seen petitioner regularly since his placement under the PSRB's jurisdiction and had observed no evidence of mental disease or defect. In addition, she noted that petitioner was not taking any medication for a mental disease or defect. The state opposed discharge and relied on petitioner's past medical records[1] in support of its opposition. Ultimately, the PSRB ruled that:

"2. [Petitioner] is affected by a mental disease or defect as demonstrated by the underlying facts shown by the evidence, including the information contained in Exhibits 10, 9, 8, 7, and 3, as well as the judgment order in this case as noted in Exhibit 1. Although [petitioner's] case manager, Lee Squire, Ph.D., testified at the hearing that, in her opinion, [petitioner] is not suffering from a mental disease or

---

[1] The records consist of Exhibits 1 through 13. One of the exhibits is a report dated February 6, 1996, diagnosing petitioner as having a cannabis-induced psychotic disorder with delusions, cannabis abuse by history, amphetamine abuse by history and hallucinogen abuse by history. It also diagnosed petitioner as having a "personality disorder, with antisocial features."

defect, *the Board was convinced by a preponderance of the evidence based on the record and [petitioner's] psychiatric history that he does suffer from a mental disease or defect*.

"3. Although [petitioner's] mental disease or defect is now in a state of remission, it does require supervision, because, with reasonable medical probability, it occasionally will become active and when active it will cause [petitioner] to present a substantial danger to others." (Emphasis supplied.)

ORS 161.351(2) provides:

"For purposes of this section, a person affected by a mental disease or defect in a state of remission is considered to have a mental disease or defect. A person whose mental disease or defect may, with reasonable medical probability, occasionally become active and when it becomes active will render the person a danger to others, shall not be discharged. The person shall continue under such supervision and treatment as the board deems necessary to protect the person and others."

■       The PSRB relied solely on petitioner's medical record to determine that petitioner currently suffers from a mental disease that is in remission. The most recent document that diagnosed petitioner with a mental disease is a report dated February 6, 1996, nearly one year before the hearing. In *Garcia v. PSRB*, 117 Or App 172, 173, 843 P2d 465 (1992), we held that medical reports that were prepared between nine months to one year before the hearing "do not purport to discuss petitioner's mental condition at the time of the hearing." The PSRB's reliance on the medical records in this case has the same flaw. The only evidence in the record that purports to discuss petitioner's current mental state is the testimony of Dr. Squires.

■       The state contends that "[e]ven under the most favorable reading of the evidence, petitioner's Axis I diagnosis of cannabis abuse is, at best, in remission. A condition in remission is still a mental disease." However, the state submitted no evidence that, at the time of the hearing, petitioner's prior mental health disease was in remission. The only evidence submitted established that a year earlier petitioner had suffered from a medical disease. It is equally as inferable from that evidence that petitioner no longer suffers

from a mental disease as it is that the disease continues but is in remission. Once petitioner offered evidence at the hearing that established that he currently no longer suffers from the disease, the state had the burden to overcome that evidence and to show that petitioner still suffers from a mental disease that is in remission. *See Martin v. PSRB*, 312 Or 157, 166, 818 P2d 1264 (1991) (holding that, to continue jurisdiction over the petitioner, it was necessary to show that he had a mental disease or defect, which was in remission at the time of the hearing). Because the medical records do not suffice to demonstrate petitioner's current medical status, PSRB's finding that petitioner's disease is in remission is not supported by substantial evidence. ORS 183.482(8)(c).

Reversed and remanded for reconsideration.