Argued and submitted November 4, 1999, decision of Court of Appeals reversed; order of PSRB affirmed March 23, 2000

HERBERT R. EINSTEIN,
*Respondent on Review,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Petitioner on Review.*

(PSRB 961429; CA A96647; SC S45530)

998 P2d 654

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for petitioner on review. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Harris S. Matarazzo, Portland, argued the cause and filed the brief for respondent on review.

GILLETTE, J.

Van Hoomissen, J., concurred and filed an opinion.

## GILLETTE, J.

This is a proceeding for judicial review of an order of the Psychiatric Security Review Board (PSRB). Applicant was committed to the jurisdiction of PSRB for a period not to exceed 20 years after he was found guilty except for insanity of arson in the first degree. In the present proceeding, which was brought several months after his commitment, applicant argued to PSRB that he was entitled to be discharged from PSRB jurisdiction because he no longer was affected by a mental disease or defect. PSRB concluded that applicant still suffered from the mental disease or defect that led to his commitment; it therefore denied his release. Applicant sought judicial review in the Court of Appeals, contending that the PSRB order was not supported by substantial evidence. The Court of Appeals reversed the order and remanded the case for reconsideration, reasoning, *inter alia*, that it was "equally * * * inferable" from the evidence in the record that applicant no longer suffered from a mental disease. *Einstein v. PSRB*, 153 Or App 522, 525-26, 958 P2d 843 (1998). We allowed PSRB's petition for review and now reverse the decision of the Court of Appeals.

The arson that led to applicant's commitment to the jurisdiction of PSRB occurred in September 1995. Applicant was fearful that there were persons in his residence who wished to hurt him; he started a fire in the residence.

Following his commitment to PSRB's jurisdiction, applicant immediately was placed on "conditional release" status, which meant that he was living in the community but was subject to PSRB supervision. *See* ORS 161.332 (defining "conditional release"). Applicant brought the present proceeding in November 1996 and, in January 1997, just eight months after applicant was found guilty except for insanity, a hearing was held to determine whether he should be discharged.

ORS 161.336 governs the circumstances in which PSRB may grant, modify, or terminate conditional release. The statute provides, in part:

"(1)  If [PSRB] determines that the person presents a substantial danger to others but can be adequately controlled with supervision and treatment if conditionally released and that necessary supervision and treatment are available, [PSRB] may order the person conditionally released, subject to those supervisory orders of [PSRB] as are in the best interests of justice, the protection of society and the welfare of the person. * * *

"* * * * *

"(3)  For purposes of this section, a person affected by a mental disease or defect in a state of remission is considered to have a mental disease or defect requiring supervision when the disease may, with reasonable medical probability, occasionally become active and, when active, render the person a danger to others. The person may be continued on conditional release by [PSRB] as provided in this section.

"* * * * *

"(7)(a)  Any person conditionally released under this section may apply to [PSRB] for discharge from or modification of an order of conditional release on the ground that the person is no longer affected by mental disease or defect or, if still so affected, no longer presents a substantial danger to others and no longer requires supervision, medication, care or treatment. * * * The applicant, at the hearing pursuant to this subsection, must prove by a preponderance of the evidence the applicant's fitness for discharge or modification of the order of conditional release. Applications by the person for discharge or modification of conditional release shall not be filed more often than once every six months."

In this case, applicant seeks discharge under ORS 161.336(7)(a). Thus, unlike the case in periodic review hearings held under ORS 161.341(7)(b),[1] applicant bears the burden of proof to establish, by a preponderance of the evidence, that he is entitled to discharge.

---

[1] Persons who, unlike applicant, are found not to be eligible for conditional release are committed to the custody of the Mental Health and Developmental Disability Services Division for custody, care, and treatment. ORS 161.341(1). Such persons are entitled to a hearing at least every two years to determine whether the person continues to be one who should not be conditionally released or discharged. ORS 161.341(7)(b). Persons who, like applicant, are granted conditional release are entitled to a hearing every five years to determine if they should be discharged from PSRB's jurisdiction. ORS 161.352(3). In both kinds of proceedings, which are

We take the following description of the PSRB hearing from the opinion of the Court of Appeals:

"The hearing was held on January 13, 1997. At the hearing, Dr. Lee Squire, [applicant's] treating psychologist and conditional release supervisor, testified about [applicant's] current mental state. She stated that, in her opinion, [applicant] was not suffering from a mental disease or defect at that time. She explained that she had seen [applicant] regularly since his placement under the PSRB's jurisdiction and had observed no evidence of mental disease or defect. In addition, she noted that [applicant] was not taking any medication for a mental disease or defect. The state opposed discharge and relied on [applicant's] past medical records[1] in support of its opposition. Ultimately, the PSRB ruled that:

"'2. [Applicant] is affected by a mental disease or defect as demonstrated by the underlying facts shown by the evidence, including the information contained in Exhibits 10, 9, 8, 7, and 3, as well as the judgment * * * in this case as noted in Exhibit 1. Although [applicant's] case manager, Lee Squire, Ph.D., testified at the hearing that, in her opinion, [applicant] is not suffering from a mental disease or defect, the Board was convinced by a preponderance of the evidence based on the record and [applicant's] psychiatric history that he does suffer from a mental disease or defect.

"'3. Although [applicant's] mental disease or defect is now in a state of remission, it does require supervision, because, with reasonable medical probability, it occasionally will become active and when active it will cause [applicant] to present a substantial danger to others.'"

---

"[1] The records consist of Exhibits 1 through 13. One of the exhibits is a report dated February 6, 1996, diagnosing [applicant] as having a cannabis-induced psychotic disorder with delusions, cannabis abuse by history, amphetamine abuse by history and hallucinogen abuse by history. It also

called "periodic review" hearings, the state bears the burden of proving by a preponderance of the evidence that the committed person still requires commitment or continued supervision on conditional release.

diagnosed [applicant] as having a 'personality disorder, with antisocial features.' "

*Einstein*, 153 Or App at 524-25.

On judicial review, the state relied on the exhibits referred to by PSRB, all of which related to applicant's condition before and at the time when he was found guilty except for insanity, to support the PSRB order. Relying on its own precedent,[2] the Court of Appeals held that such documentation could not serve as substantial evidence for PSRB's findings because it was "stale" and, therefore, was not relevant to applicant's mental condition at the time of the PSRB hearing. It followed, the court reasoned, that "[t]he only evidence in the record that purports to discuss [applicant's] current mental state is the testimony of Dr. Squire[ ]." *Einstein*, 153 Or App at 525.

The state had argued to the Court of Appeals that, even under a reading of the record most favorable to applicant, the best that could be said with respect to applicant's psychotic disorder resulting from cannabis abuse was that it was in remission, and a mental disease that is in remission still is a mental disease. The Court of Appeals rejected that argument:

"[T]he state submitted no evidence that, *at the time of the hearing*, [applicant's] prior mental health disease was in remission. The only evidence submitted established that a year earlier [applicant] had suffered from a medical [*sic*] disease. It is equally as inferable from that evidence that [applicant] no longer suffers from a mental disease as it is that the disease continues but is in remission. Once petitioner offered evidence at the hearing that established that he currently no longer suffers from the disease, the state had the burden to overcome that evidence and to show that petitioner still suffers from a mental disease that is in remission. *See Martin v. PSRB*, 312 Or 157, 166, 818 P2d 1264 (1991) (holding that, to continue jurisdiction over [an applicant], it was necessary to show that he had a mental

___

[2] The precedent was *Garcia v. PSRB*, 117 Or App 172, 173, 843 P2d 465 (1992), in which the Court of Appeals held that medical reports that had been prepared nine months to a year before a PSRB hearing "did not purport to discuss petitioner's mental condition at the time of the hearing." This court was not asked to review the *Garcia* decision.

disease or defect, which was in remission at the time of the hearing).”

*Id.* at 525-26 (emphasis added). Because, in its view, the medical records were not sufficient to demonstrate that applicant currently had a mental disease, the Court of Appeals held that PSRB’s finding that applicant’s disease was in remission was not supported by substantial evidence. *See* ORS 183.482(8)(c) (authorizing reviewing court to set aside or remand an agency order if the order “is not supported by substantial evidence in the record”). The court reversed and remanded PSRB’s order for reconsideration. *Id.* at 526. We allowed PSRB’s petition for review.

■ The Court of Appeals correctly determined that the appropriate factual inquiry was applicant’s mental condition at the time of the hearing. The question therefore is whether there is substantial evidence in the present record from which a reasonable person could find, either directly or by permissible inference, that applicant continues to suffer from a mental disease or defect that is in remission. Judicial review for substantial evidence to support a finding of fact is a statutory undertaking under ORS 183.482(8). “Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding.” ORS 183.482(8)(c).

■ In the present case, the record includes exhibits establishing that, as recently as eight months before the hearing, applicant had suffered from an episodic psychotic disorder that was triggered by cannabis abuse. The record also contains evidence on which PSRB relied that applicant has a long history of mental illness, punctuated by periods of hospitalization, but that his mental illness goes through periods of remission. The nature of applicant’s disease and its recent flare-up that led to the underlying criminal charges could, in our view, lead a reasonable person to find that the absence of symptoms just eight months later was, at best, evidence that the condition was in remission. In other words, the evidence supported the inference that PSRB drew, *viz.*, that applicant’s underlying psychotic condition persists.[3] It

_____

[3] If the condition persists, then there is no separate issue as to whether applicant would be a danger to others.

follows that there was substantial evidence for the finding of fact that PSRB made and that the Court of Appeals' contrary ruling was error.

This court's decision in *Martin*, 312 Or at 157, on which both the Court of Appeals and applicant relied, is not to the contrary. In that case, this court held that PSRB had misunderstood the specific evidence on which it had relied in finding that a committed person suffered from a mental disease or defect and that, when correctly understood, that evidence did not justify the finding. *Id.* at 165-68. However, the court was careful to note that there could be other evidence in the record—evidence that, by definition, had to relate to the person's condition at times up to a year or more preceding the hearing—that might provide substantial evidence to support the same finding. The court therefore remanded the case to PSRB for reconsideration. *Id.* at 168. That is, the court in *Martin* suggested that evidence older than the evidence in the present case could be relied on by PSRB to make decisions respecting the status of a committed person's current mental health.[4]

Under ORS 183.482(8)(c), the sole issue before the Court of Appeals was whether a reasonable person, based on the evidence before PSRB, permissibly could draw the inference that applicant presently suffers from a mental disease or defect. If a reasonable person could do so—and, here, applicant's long history of episodic manifestations of his psychotic condition, the last coming less than a year earlier, would permit such an inference—then the Court of Appeals' inquiry should have been at an end. The Court of Appeals appears to have been preoccupied with the fact that only Squire's testimony purported to describe applicant's condition "right now," but, as we have explained, this is not a case in which evidence of applicant's history is so remote that a reasonable person could not, as a matter of law, give that evidence substantial weight.

---

[1] Applicant's arguments are based in large part on Squire's testimony, but PSRB was not required to accept that testimony without considering the rest of the record. *See Martin*, 312 Or at 167 ("PSRB does not count the witnesses; it weighs the evidence"). And, in light of the other evidence in the record, PSRB permissibly could have rejected Squire's testimony.

Applicant also relies on this court's opinion in *Drew v. PSRB*, 322 Or 491, 909 P2d 1211 (1996), but that case does not aid him. It stands for the proposition that a board such as PSRB may not supplement the record based on its members' expertise, *id.* at 498-99, but this is not a case in which PSRB did so. PSRB made its findings based on its assessment of the weight that it could give to the evidence that was in the record. As already noted, that assessment was a legally permissible one.

The decision of the Court of Appeals is reversed. The order of the Psychiatric Security Review Board is affirmed.

**VAN HOOMISSEN, J.,** concurring.

In this proceeding for judicial review of an order of the Psychiatric Security Review Board (PSRB), I agree with the analysis and holding of the majority. I write separately to record a few impressions that I have formed after more than a decade of reviewing PSRB orders.

First, it is not unusual for a petitioner on conditional release to request a full discharge from PSRB's jurisdiction within a relatively short time after his or her original commitment to PSRB. The record on review in such cases, however, frequently contains only the sketchiest evidence of the criminal conduct that resulted in the petitioner being found guilty except for insanity. I should think that, if someone were found to be guilty except for insanity a relatively short time before a PSRB hearing, then the likelihood that that person no longer would be affected by mental disease or defect, or, if so affected, no longer would present a substantial danger to others at the time of the hearing would be, at best, doubtful. For that reason, I should think that the state would want to present, and that PSRB would want to consider, the record of the petitioner's trial and evidence of the petitioner's entire psychiatric and criminal history.

ORS 161.346(3) provides in part:

"The board shall consider all evidence available to it which is material, relevant and reliable regarding the issues before the board. Such evidence may include but is not limited to the record of trial, the information supplied by the attorney representing the state or by any other interested

party, including the person, and information concerning the person's mental condition and the entire psychiatric and criminal history of the person. All evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their serious affairs shall be admissible at hearings. * * *"

That kind of evidence has been missing in several of the PSRB cases recently reviewed by this court.

Second, ORS 161.336(3) provides:

"For purposes of this section, a person affected by a mental disease or defect in a state of remission is considered to have a mental disease or defect requiring supervision when the disease may, with reasonable medical probability, occasionally become active and, when active, render the person a danger to others. The person may be continued on conditional release by the board as provided in this section."

The fact that a person affected by a mental disease or defect in a state of remission presently is not evidencing conduct rendering him or her a danger to others might be the consequence of that person's current supervision, treatment, and medication. PSRB must be alert to the reality that a petitioner's discharge from PSRB's jurisdiction might result in the abrupt cessation of those ameliorating influences.

Third, it cannot be overemphasized that the burden of proof at an ORS 161.336(7) discharge hearing is on the petitioner. ORS 161.336(7)(a) provides in part:

"Any person conditionally released under this section may apply to the board for discharge from or modification of an order of conditional release on the ground that the person is no longer affected by mental disease or defect or, if still so affected, no longer presents a substantial danger to others and no longer requires supervision, medication, care or treatment. * * * The applicant, at the hearing pursuant to this subsection, must prove by a preponderance of the evidence the applicant's fitness for discharge or modification of the order of conditional release."

In this case, the Court of Appeals held that, once petitioner offered evidence that he no longer suffered from the disease, the state had the burden to overcome that evidence and to

show that petitioner still suffered from a mental illness. That is incorrect. The burden of proof does not shift to the state. The state is not required to introduce affirmative evidence of the petitioner's unfitness for discharge or modification of the order of conditional release. PSRB is entitled to find that petitioner's evidence is unpersuasive. If PSRB was not persuaded that petitioner in this case had sustained his burden of proof, then it was entitled to deny his application for discharge on that ground alone, and, in this case, that probably is what it should have done.

I note finally, that, as in all proceedings for judicial review of administrative decisions, this court's task is facilitated by a cogent explanation of the reasons for PSRB's decision.[1]

---

[1] ORS 183.470(2) provides:

"A final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."