Submitted September 5, 2008, affirmed February 18, petition for review denied July 9, 2009 (346 Or 363)

## HERBERT ROGER EINSTEIN,
*Petitioner,*

*v.*

## PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
961429; A132659

202 P3d 284

Harris S. Matarazzo filed the brief for petitioner.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

.

**EDMONDS, P. J.**

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) that continued his commitment at the Oregon State Hospital. The board found that petitioner's previously diagnosed psychotic disorder had not resolved, as petitioner's treating psychiatrist testified, but rather was in remission. *See* ORS 161.351(2) (providing that "a person affected by a mental disease or defect in a state of remission is considered to have a mental disease or defect"). On review, petitioner argues that the board's finding that petitioner suffers from a "mental disease or defect" in remission is not supported by substantial evidence. We affirm.

Petitioner was found guilty except for insanity of first-degree arson in 1996 and was committed to the jurisdiction of PSRB for a period not to exceed 20 years. Evidence demonstrated that petitioner had set fire to his residence because he was fearful that persons were in his residence and were plotting to hurt him. Petitioner had been diagnosed with some form of paranoia as early as 1980. After the arson, petitioner was evaluated by the Veterans Administration and was diagnosed with schizophrenia and marijuana abuse. Also, in 1996, petitioner was diagnosed with various substance abuse conditions and an Axis I cannabis-induced psychotic disorder with delusions. Between 1998 and 2003, he was diagnosed with paranoid schizophrenia, in remission, as well as a personality disorder, not otherwise specified. During that period of time, petitioner was conditionally released several times, but ultimately was placed by the board in the state hospital.

Beginning in 2004, members of petitioner's treatment team, including Drs. Matthews-Brylski, Fritz, and Starkenburg, expressed their views that petitioner's psychotic disorder had resolved. Fritz and Starkenburg testified at the hearing before PSRB in April 2006. At the hearing, Fritz, who had become petitioner's treating psychiatrist in September 2004, testified that petitioner no longer met the criteria in the American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (4th ed 2002) (DSM-IV) for an Axis I Psychotic Disorder, Not Otherwise Specified. Fritz explained that, although petitioner had been

diagnosed with that disorder in the past, petitioner had "no psychotic symptoms while [Fritz had] been treating him. * * * [H]e has some suspiciousness of others but it doesn't cross the line into a psychotic condition." Moreover, in Fritz's view, petitioner's continued mistrust and paranoia were more appropriately categorized as part of petitioner's long-standing personality disorder rather than a residual symptom of schizophrenia, although he acknowledged that a person could have both schizophrenia and a personality disorder. Starkenburg, the psychologist on petitioner's unit, testified similarly to Fritz and opined that petitioner did not suffer from a psychotic disorder.

The PSRB, however, was not persuaded by that testimony and found that petitioner's psychotic disorder was in remission. In its order, the board explained:

"[Petitioner] is affected by a mental disease or defect as demonstrated by the underlying facts shown by the evidence, including the diagnoses contained in Exhibits 85, 81, 69, 64, 51, 36, 33, 29, 26 and 23. The Board carefully considered the testimony of [Fritz] and [Starkenburg] at the hearing to the effect that [petitioner] suffers only from Substance Abuse diagnoses on Axis I. *However, the board was not convinced by a preponderance of the evidence of this opinion given the totality of the record that included a diagnosis of Psychotic Disorder, NOS, on multiple occasions which the Board was not convinced was resolved but rather found was in remission, given [petitioner's] psychiatric and behavior history.*"

(Emphasis added.) PSRB further concluded that petitioner is presently "affected by a mental disease or defect which, when active, renders him a substantial danger to others * * *." Petitioner seeks judicial review of that order, arguing that the more recent evidence in the record demonstrates that his psychotic disorder has resolved and, therefore, he is no longer subject to the board's jurisdiction.

Our decision in this case is dictated by our standard of review. The issue is not whether this court agrees with the board's finding that petitioner's mental disease or defect is in remission; rather, the issue before us is "whether there is substantial evidence in the present record from which a

reasonable person could find, either directly or by permissible inference, that [petitioner] continues to suffer from a mental disease or defect that is in remission." *Einstein v. PSRB*, 330 Or 121, 127, 998 P2d 654 (2000). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c).

Having reviewed the record as a whole, we conclude that it contains evidence that would permit a reasonable person to conclude that petitioner's psychotic disorder, which is "episodic" in nature, is in remission rather than resolved. A detailed recitation of petitioner's history would not benefit the bench, the bar, or the public. Suffice it to say that, prior to 2004, petitioner had a long history of psychotic episodes; one earlier diagnosis (Exhibit 26, cited in PSRB's order) indicates that the "[r]ecords reflect episodes of paranoid delusions sometimes accompanied by auditory hallucinations dating back to 1966," and that he "seems to have long periods of relatively minimal symptoms." Even Fritz, as recently as July 2005, recognized that, in the past, petitioner "has repeatedly had substantial psychotic symptoms, likely not explainable by substance abuse."

Also, Fritz reported in February 2005 that petitioner approached him and asked for a statement to the effect that he was no longer mentally ill. Fritz told petitioner that he would not give such a statement:

> "Furthermore, I indicated to the patient that such a statement would not necessarily be in his favor, as I do believe that *he has at least a history of a psychotic disorder with potential for relapse*, as well as complications from a personality disorder and a distant history of polysubstance abuse."

(Emphasis added.) In his July 2005 progress notes, Fritz stated that petitioner "carries the diagnosis of psychotic disorder, not otherwise specified, resolved." Yet, in the same progress notes, Fritz later stated, "These more clearly psychotic symptoms, as outlined above, *appear to be in remission currently*, although the patient certainly remains mistrustful and has some difficulty in managing interpersonal relationships without being irritable and frustrated." (Emphasis added.)

Given petitioner's extensive history of diagnosis with a psychotic disorder; the fact that previous diagnoses have indicated that the disorder is episodic in nature with long periods of remission; the fact that his own treating physician stated, less than a year before the hearing, that petitioner's "more clearly psychotic symptoms * * * appear to be in remission"; and the fact that petitioner remained mistrustful and suspicious at that time, we find that there is evidence in the record from which a reasonable person could conclude that, at the time of the hearing, petitioner's psychotic disorder was in a period of remission rather than resolved.

As the Supreme Court explained in a previous case involving petitioner, evidence that is a year old or more does not automatically lack probative value. *Einstein*, 330 Or at 128. Thus, PSRB was entitled to review the record *as a whole*, including the earlier diagnoses regarding the episodic nature of his disorder, Fritz's more recent observation that petitioner's psychotic symptoms were in remission, and petitioner's continued mistrust and suspiciousness. That record permitted the board to draw the reasonable inference that a psychotic disorder persisted at the time of the hearing, albeit in remission. Conversely, PSRB was not compelled to find Fritz's and Starkenburg's testimony persuasive. *Id.* at 128 n 4 (noting that PSRB is not required to accept testimony without considering the entire record); *Martin v. PSRB*, 312 Or 157, 167, 818 P2d 1264 (1991) ("PSRB does not count the witnesses; it weighs the evidence.").

Affirmed.