***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted September 13, affirmed October 11, 2023, petition for review denied
February 15, 2024 (372 Or 63)

Edward Wayne SCHNEE,
aka Drucilla Ramona Graves,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
132628; A179526

Liza Langford filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner seeks judicial review from an order of the Psychiatric Security Review Board (PSRB) that found petitioner within its jurisdiction, revoked her conditional release, and denied petitioner's request for a community evaluation for a new conditional release. We determine that, at the time of the revocation hearing, petitioner had a diagnosis that supported PSRB jurisdiction, substantial evidence existed that petitioner's mental disorder caused her to be a danger to others, and PSRB did not err in denying petitioner's request for an evaluation for a new conditional release. Accordingly, we affirm.

We review agency orders for errors of law, substantial evidence, and substantial reason. *Dorn v. Teacher Standards and Practices Comm.*, 316 Or App 241, 243, 504 P3d 44 (2021) (citations omitted). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Substantial reason exists where the agency has articulated a rational connection between the facts and the legal conclusion that the agency draws from them. *Dorn*, 316 Or App at 243 (citation and internal quotation marks omitted).

A detailed recitation of the facts would not benefit the bench, the bar, or the public.

To be subject to PSRB's jurisdiction, a person must have a "qualifying mental disorder," which causes them to present a "substantial danger to others." ORS 161.351(1).[1] Personality disorders are not "qualifying mental disorders" for the purposes of PSRB jurisdiction. ORS 161.295.[2]

---

[1] ORS 161.351(1) provides:

"Any person placed under the jurisdiction of the Psychiatric Security Review Board under ORS 161.315 to 161.351 shall be discharged at such time as the board, upon a hearing, finds by a preponderance of the evidence that the person is no longer affected by a qualifying mental disorder or, if so affected, no longer presents a substantial danger to others that requires regular medical care, medication, supervision or treatment."

[2] ORS 161.295 provides:

"(1) A person is guilty except for insanity if, as a result of a qualifying mental disorder at the time of engaging in criminal conduct, the person lacks

Substantial evidence and reason support PSRB's determination that petitioner had a qualifying mental health disorder that provided the basis for PSRB jurisdiction. First, several of petitioner's medical reports and expert testimony at the revocation hearing reported that petitioner had schizoaffective disorder bipolar type, exhibited symptoms from that disorder at the time of the revocation, and exhibited dangerous behavior while hospitalized in the two months before the hearing. Second, at the time of the hearing, petitioner was taking psychotropic medications to address the symptoms of the schizoaffective disorder that she exhibited during her conditional release. Although petitioner's treating psychiatrist testified that her actions were based solely on her personality disorder (and not her schizoaffective disorder), PSRB could reject that opinion, and it could accept the opinion of other treatment providers presented through expert testimony and recent medical reports. *See Einstein v. PSRB*, 330 Or 121, 128 n 4, 998 P2d 654 (2000) ("PSRB was not required to accept [the treating psychologist's] testimony without considering the rest of the record. And in light of the other evidence in the record, PSRB permissibly could have rejected [the treating psychologist's] testimony." (Citation omitted.)).

After a revocation hearing, PSRB must revoke a person's conditional release and commit a person to the state hospital if it finds that the person "[h]as not recovered from the qualifying mental disorder, is a substantial danger to others and cannot adequately be controlled if conditionally released on supervision[.]" ORS 161.346(1)(c). "'Substantial Danger' * * * means a demonstration or previous demonstration of intentional, knowing, reckless or criminally negligent behavior which places others at risk of physical injury because of the person's qualifying mental disorder." OAR 859-010-0005(8). "In determining whether a person should be committed to a state hospital, conditionally released or discharged, the Board shall have as its primary concern the

---

substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law.

"(2) As used in chapter 743, Oregon Laws 1971, the term 'qualifying mental disorder' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct, nor does the term include any abnormality constituting solely a personality disorder."

protection of society." OAR 859-060-0010. The state must prove by a preponderance of the evidence the person's unfitness for conditional release. ORS 161.336(4)(d).

PSRB did not err in revoking petitioner's conditional release because substantial evidence and reason existed that petitioner continued to present a substantial danger to others and could not be adequately controlled and treated in the community if she were conditionally released. PSRB sufficiently relied on evidence that included (1) the circumstances that led to petitioner's revocation; (2) a former treating psychiatrist's expert testimony at the revocation hearing; (3) the medical reports since her hospitalization that included instances of aggressive behavior; and (4) at the time of the hearing, petitioner remained on an involuntary medication protocol and continued to reside in the most staffed and secure part of the hospital based on concerns about her dangerousness toward others. Although her current treating psychiatrist testified that petitioner was not a danger to others and petitioner would be better served in a less restrictive environment due to her personality disorder, PSRB was not required to accept that opinion. The board could rely on the rest of the extensive evidence in the record to make its determination that petitioner presented a substantial danger to others. *See Einstein*, 330 Or at 128 n 4.

Affirmed.