No. 955 October 29, 2025 607

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Isaac Lee HASKINS,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
182841;
A183722

Submitted July 22, 2025.

Harris S. Matarazzo filed the brief for petitioner.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) denying his discharge from the board's jurisdiction and continuing petitioner's commitment to a state hospital designated by the Oregon Health Authority. In a single assignment of error, petitioner argues that the board's determination that his qualifying mental disorder, when active, renders him a substantial danger to others is not supported by substantial evidence in the record. For the following reasons, we affirm.

We review to determine whether substantial evidence supports the board's order. ORS 183.482(8)(c). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c).

A detailed recitation of the facts in this case would not benefit the bench, the bar, or the public, and we state only those facts necessary to explain our decision. In 2017, petitioner struck his brother with a sledgehammer. Petitioner was subsequently diagnosed with personality change due to a prior traumatic brain injury. Based on that diagnosis, petitioner was found "Guilty Except for Insanity" of assault in the second degree in 2018. The trial court found that his mental disorder rendered him a substantial danger to others and placed him under the board's jurisdiction for up to 10 years.

In August 2023, the board held a two-year review hearing pursuant to ORS 161.341(6)(b). Petitioner stipulated that he suffered from a "qualifying mental disorder." The board found that petitioner's qualifying mental disorder, when active, presents a substantial danger to others and accordingly ordered his continued commitment at the state hospital.

The board may not release a person from its jurisdiction who has "not recovered from the qualifying mental disorder, is a substantial danger to others and cannot adequately be controlled if conditionally released on supervision." ORS 161.346(1)(c). As applicable in petitioner's case, "[a] person whose qualifying mental disorder may, with

reasonable medical probability, occasionally become active and when it becomes active will render the person a danger to others may not be discharged." ORS 161.351(2). Thus, the relevant question is whether petitioner's qualifying mental disorder, when active, renders him a substantial danger to others.

On judicial review, we understand petitioner to argue that the board's "substantial danger" finding is unsupported by substantial evidence because the board (1) relied on outdated evidence that does not reflect petitioner's progress in treatment and (2) undervalued evidence indicating that petitioner did not commit physical violence during his hospitalization. We disagree with petitioner's arguments.

First, we conclude that the board did not rely on outdated evidence. The board determined that petitioner poses a "substantial danger" only after "considering all the evidence admitted on the record," which comprehensively documents petitioner's psychiatric history from prior to the instant offense up until little over a week preceding the hearing. *See* ORS 161.346(3) (permitting the board to consider "the entire psychiatric and criminal history of the person"). The evidence includes (1) an updated neuropsychological evaluation from April 2023, which notes petitioner's inconsistent engagement with treatment intended to mitigate his violent risk; (2) a Short-Term Assessment of Risk and Treatability (START), dated August 2023, which estimates his violent risk as "moderate"; (3) multiple patient progress notes recorded within four months of the hearing that indicate petitioner still must develop symptom management skills and show a "period of stability" in treatment before discharge; and (4) the testimony of the attending nurse practitioner, along with her statement that petitioner "has a qualifying mental disorder, * * * which when active, makes him a substantial danger to others" in her August 2023 PSRB Update Note.

To be sure, the attending nurse practitioner acknowledged petitioner's recent "increased treatment engagement," and we are required to "consider evidence that detracts from PSRB's finding as well as evidence that supports it in determining whether the supporting evidence is substantial." *See*

*Osborn v. PSRB*, 171 Or App 248, 252, 15 P3d 80 (2000). However, the attending nurse practitioner also stated that petitioner still has "areas for growth" in terms of risk mitigation. Thus, even with the positive trend in petitioner's engagement with treatment, a reasonable person could find that petitioner poses a "substantial danger to others" based on petitioner's history of recorded violence and the contemporaneous evidence demonstrating his fluctuating engagement with treatment.[1]

Second, we understand petitioner to argue that the board's "substantial danger to others" finding is not supported by substantial evidence because petitioner's violent impulses are directed "almost exclusively" toward his brother, and he "had not engaged in any 'substantially dangerous' behavior" during his hospitalization. Although the record indicates petitioner presents a violent risk toward his brother specifically, the attending nurse practitioner testified that his "violent tendencies" are also directed "toward *** family and potentially whoever—it could be a relationship where he would have some kind of form of *** a deep personal connection." It follows that petitioner's record of nonviolence during his hospitalization does not preclude a "substantial danger" finding because the hospital environment necessarily restricts petitioner's access to those high-risk connections.

Moreover, the attending nurse practitioner testified that one of petitioner's treatment goals is to "reduce or eliminate danger," and the record includes extensive evidence that petitioner has not adequately developed his anger management and emotional regulation skillset per treatment recommendations.

Because the record contains evidence that petitioner failed to satisfactorily engage with treatment designed to mitigate danger to those identified as potential targets of his violence, a reasonable person could find that

---

[1] Relatedly, petitioner appears to argue that more recent assessments of petitioner's current violent risk unfairly rely on a three-year-old formal Violence Risk Assessment (VRA). However, according to the treatment team, a new VRA is not warranted until petitioner "attempt[s] to meet" the recommendations of the previous VRA. Here, the record contains evidence that petitioner had not done so at the time of his hearing.

his disorder, when active, presents a substantial danger "to others." In effect, petitioner's argument to the contrary asks us to reweigh the evidence, which we do not do on judicial review. *See McCoin v. PSRB*, 310 Or App 534, 535, 484 P3d 1085 (2021) ("[W]e do not make our own findings or reweigh the evidence[.]").

Finally, to the extent that petitioner argues that the board order lacks substantial reason, we disagree. "Substantial reason exists where the agency has articulated a rational connection between the facts and the legal conclusion that the agency draws from them." *Rinne v. PSRB*, 326 Or App 777, 781, 533 P3d 802 (2023), *rev den*, 371 Or 825 (2024). Here, the board's order specifies the applicable statute under which it held a hearing, lists the evidence it considered, and cites to the testimony and exhibits that support its findings. *See Jenkins v. Board of Parole*, 356 Or 186, 208, 335 P3d 828 (2014) (holding substantial reason existed where agency's statements left "little doubt as to the facts on which it relied or the existence of a rational connection between those facts and its decision pursuant to the statute and rule under which it acted"). Because the board's order "articulated a rational connection between the facts and the legal conclusion," it did not lack substantial reason.

Affirmed.